**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION**

| | | |
|---|---|---|
| **WALLY J. VICKNAIR, JR.,** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | Civil Action No. 1:08-CV-052-C | |
| § | ECF | |
| § | | |
| **MICHAEL J. ASTRUE,** § | | |
| Commissioner of Social Security, § | Assigned to U.S. Magistrate Judge | |
| § | | |
| Defendant. § | | |

**MEMORANDUM OPINION AND ORDER**

**THIS CASE** is before the court upon Plaintiff's complaint filed May 12, 2008, for judicial review of the administrative decision of the Commissioner of Social Security denying Plaintiff's applications for a period of disability and disability insurance benefits and for supplemental security income ("SSI") benefits under Title II and Title XVI of the Social Security Act. Plaintiff filed a brief in support of his complaint on September 26, 2008, and Defendant filed a brief on October 24, 2008. The parties consented to having the United States magistrate judge conduct all further proceedings in this case on August 1, 2008 (Doc. 13), and August 29, 2008 (Doc. 19). This court has considered the pleadings, the briefs, and the administrative record and finds that the Commissioner's decision should be reversed and that this case should be remanded for further administrative proceedings.

**I.   STATEMENT OF THE CASE**

Plaintiff filed an application for disability benefits and SSI on December 17, 2003, alleging disability beginning May 30, 1997. Tr. 90, 464. Plaintiff's applications were denied initially and

upon reconsideration. Tr. 50-58, 61, 445-50, 464. Plaintiff timely filed a Request for Hearing by Administrative Law Judge, and this case came for hearing before the Administrative Law Judge ("ALJ") on June 23, 2005. Tr. 464, 501-35. Plaintiff, represented by a non-attorney, testified in his own behalf. Tr. 504-28. Carol Bennett, a vocational expert ("VE"), appeared and testified as well. Tr. 528-34. The ALJ issued a decision partially favorable to Plaintiff on August 26, 2005. Tr. 460-74. The ALJ concluded that, specifically from May 30, 1997, through February 26, 2003, Plaintiff was entitled to a period of benefits. *Id*. On Plaintiff's appeal, this matter was remanded by the Appeals Council for further consideration by the ALJ.

After further consideration of the evidence, the ALJ concluded that, specifically from May 30, 1997, through February 26, 2003, Plaintiff had an impairment or combination of severe impairments which imposed limitations on his ability to perform work activity. The ALJ subsequently found, for that period, that Plaintiff lacked the residual functional capacity ("RFC") to perform his past relevant work and was incapable of making a vocational adjustment to any other work that existed in significant numbers in the national economy because of an inability to sustain work. Therefore, he found that Plaintiff was entitled to disability insurance benefits and SSI for a closed period from May 30, 1997, through February 26, 2003.

Further, the ALJ found that as of February 27, 2003, Plaintiff had experienced medical improvement, which affected his RFC. The ALJ found that as of February 27, 2003, Plaintiff had an impairment or a combination of severe impairments and was still unable to perform his past relevant work but that he had regained the functional capacity sufficient to make a vocational adjustment to restricted sedentary work that exists in significant numbers in the national economy. The ALJ concluded, therefore, that as of February 27, 2003, Plaintiff was no longer disabled and no longer entitled to disability insurance benefits or SSI.

In his opinion the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act. He found that Plaintiff met the disability insured status requirements on May 30, 1997, through December 31, 2002, and Plaintiff had not engaged in substantial gainful activity at any time since May 30, 1997. Tr. 471. Plaintiff has "severe" impairments, including lumbar and cervical spine degenerative disc disease with disc herniation and major depression. Tr. 472. Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1. *Id.* Therefore, the ALJ was required to determine whether Plaintiff retained the RFC to perform his past relevant work or other work existing in the national economy.

The ALJ found that based on the evidence in the record, from May 30, 1997, through February 26, 2003, Plaintiff's statements concerning his impairments and their impact on his ability to work were credible. Tr. 472. The ALJ found that Plaintiff could not return to his past relevant work as a drywall hanger at any time from May 30, 1997, through the date of his decision. *Id.* The ALJ found that Plaintiff's RFC was limited to markedly less than a restricted range of sedentary work activity. The ALJ found that Plaintiff was disabled for a closed period of May 30, 1997, through February 26, 2003, only. *Id.*

However, from February 27, 2003, through the date of his decision, the ALJ found that Plaintiff's statements concerning his impairments and impact on his ability to work were not entirely credible. *Id.* He noted that Plaintiff was considered a "younger individual" with a high school education. 20 C.F.R. §§ 416.963, 416.964; Tr. 472.

The ALJ found that Plaintiff retained the RFC to perform, on a continuing and sustained basis, the requirements of restricted sedentary work activity, limited to jobs that do not require more than occasional stooping; balancing, crouching, crawling, kneeling, or climbing; sitting for more

than 30 minutes at one time without the opportunity to stand in addition to a lunch and the normal legal breaks during the workday; walking/standing more than 10 minutes at one time without the opportunity to sit; working above shoulder level with the upper extremities; repetitively pushing, pulling, or performing extended reaching with the left non-dominant upper extremity; pushing or pulling with the feet; working at unguarded heights or near unguarded hazardous mechanical equipment; maintaining fixed concentration and attention for periods of longer than 30 minutes without the opportunity to briefly refocus for a minute or two and come back to fixed concentration; understanding, remembering, and carrying out more than detailed, non-complex instructions; or having more than superficial interaction with co-workers or the public.  Tr. 472-73.  Having found that Plaintiff could not perform the full range of sedentary work, the ALJ turned to the testimony of the VE in determining whether Plaintiff was capable of making a vocational adjustment to other work despite his severe impairments.  Tr. 473.  He relied upon the testimony of the VE who indicated that a hypothetical person of Plaintiff's age, with Plaintiff's RFC and vocational history, could perform work which exists in significant numbers in the national economy, including the jobs of hand packer inspector, with 43,000 jobs nationally; and hand grader/sorter, with 25,000 jobs nationally. *Id*.  The ALJ, therefore, concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of his decision.  *Id*.

Plaintiff submitted a Request for Review of Hearing Decision/Order on October 25, 2005.  Tr. 478-79.  On May 22, 2006, the Appeals Council vacated the hearing decision, including the partially favorable portion, and remanded the case for further proceedings.  Tr. 475-77.

The ALJ conducted a supplemental hearing in this case on April 5, 2007.  Tr. 17, 536-51.  Plaintiff, represented by a non-attorney, again testified in his own behalf.  Tr. 538-48.  Michael Driscoll, a vocational expert ("VE"), appeared and testified as well.  Tr. 548-51.  The ALJ again issued a decision partially favorable to Plaintiff on May 25, 2007.  Tr. 13-26.

In his opinion the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act. He found that Plaintiff met the disability insured status requirements on May 30, 1997, through December 31, 2002, and Plaintiff had not engaged in substantial gainful activity at any time since May 30, 1997. Tr. 18. Plaintiff has "severe" impairments, including degenerative disc disease, hypertension, and depression. Tr. 19. Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1. *Id*. Therefore, the ALJ was required to determine whether Plaintiff retained the RFC to perform his past relevant work or other work existing in the national economy.

The ALJ again found that Plaintiff was disabled during the period of May 30, 1997, through February 26, 2003, and that as of February 27, 2003, had experienced medical improvement and retained the RFC to do sedentary work, limited by jobs that do not require more than occasional stooping; balancing, crouching, crawling, kneeling, or climbing; sitting for more than 30 minutes at one time without the opportunity to stand in addition to a lunch and the normal legal breaks during the workday; walking/standing more than 10 minutes at one time without the opportunity to sit; working above shoulder level with the upper extremities; repetitively pushing, pulling, or performing extended reaching with the left non-dominant upper extremity; pushing or pulling with the feet; working at unguarded heights or near unguarded hazardous mechanical equipment; working with more than a mildly decreased ability to maintain concentration and attention; understanding, remembering, and carrying out more than detailed, non-complex instructions; having more than superficial interaction with the public; or, more than occasionally, doing repetitive up and down or side to side neck movements. Having found that Plaintiff could not perform the full range of sedentary work, the ALJ turned to the testimony of the VE in determining whether Plaintiff was capable of making a vocational adjustment to other work despite his severe impairments. Tr. 24-25.

He relied upon the testimony of the VE who indicated that a hypothetical person of Plaintiff's age, with Plaintiff's RFC and vocational history, could perform work which exists in significant numbers in the national economy, including the jobs of bench assembler, with 300,000 jobs nationally; and food and beverage order clerk, with 182,000 jobs nationally. *Id.*  The ALJ, therefore, again concluded that Plaintiff was not disabled within the meaning of the Social Security Act after February 27, 2003.  Tr. 25.

On May 12, 2008, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled.

## II.   STANDARD OF REVIEW

An applicant may obtain a review of the final decision of the Commissioner by a United States District Court. 42 U.S.C. § 405(g).  The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002).  The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson,* 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or SSI, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity.  Substantial

gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton,* 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson*, 309 F.3d at 271; *Newton*, 209 F.3d at 453. The Commissioner follows an eight-step process for determining medical improvement and termination of disability as a result therefrom. *See* 20 C.F.R. § 404.1494. The first part of the evaluation process, then, focuses on medical improvement. *Griego v. Sullivan*, 940 F.2d 942, 944 (5th Cir. 1991). A medical improvement is defined as "any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled." 20 C.F.R. § 404.1594(b)(1). Such a determination "must be based on changes (improvement) in the symptoms, signs, and/or laboratory findings associated with your impairment(s) and must be related to the ability of the claimant to perform work activities. 20 C.F.R. §§ 404.1594(b)(1), 404.1594(b)(3). If the Commissioner determines that there has been medical improvement related to the ability to work, it must be determined whether any exception to the medical improvement standard applies. 20 C.F.R. § 404.1594(f)(5). The Commissioner then determines the claimant's ability to perform substantial gainful activity. 20 C.F.R. § 404.1594(f)(7). In this inquiry, "the implementing regulations incorporate many of the standards set forth in the regulations governing initial disability determinations." *Griego*, 940 F.2d at 944; 20 C.F.R. §§ 404.1594(b)(5) and (f)(7). However, in determining medical improvement, "the ultimate burden of proof lies with the Secretary in termination proceedings." *Griego*, 94 F.3d at 944.

In this case the ALJ found that Plaintiff was disabled for a closed period between May 30, 1997, and February 26, 2003. The ALJ found that subsequent to February 27, 2003, Plaintiff experienced medical improvement which was related to ability to perform work activities and that

Plaintiff retained the RFC for a limited range of work at the sedentary exertional level. The ALJ relied upon the testimony of the VE in finding that Plaintiff could perform work which exists in the national economy and thus terminated Plaintiff's disability benefits as of February 27, 2003.

### III.  DISCUSSION

Plaintiff claims that the ALJ's decision was not supported by substantial evidence because (1) the ALJ did not properly determine that medical improvement had occurred, thus justifying termination of Plaintiff's disability benefits; (2) the ALJ did not properly consider the opinions of the treating physicians and state agency medical consultants ("SAMCs") regarding Plaintiff's impairments and their effects on his ability to work; (3) the ALJ's RFC determination is not based upon substantial evidence; and (4) the Commissioner failed to carried his burden of establishing alternative work which Plaintiff could perform after the alleged medical improvement.

**A.     Whether the ALJ applied the incorrect legal standard in evaluating the cessation date of Plaintiff's disability in the closed period determination.**

Plaintiff argues that the ALJ failed to apply the correct legal standard in his decision to terminate his benefits subsequent to February 27, 2003. Plaintiff argues that the ALJ inappropriately failed to place the burden on the Commissioner at each step to show that Plaintiff was no longer disabled. Defendant argues that the ALJ considered the appropriate factors in making his decision and that any error the ALJ may have committed by failing to individually discuss each factor set forth in 20 C.F.R. §§ 404.1594(b)(1), 416.994(f)(4) is not prejudicial.

The determination of a closed period of disability entails both a disability and a termination, as the ALJ found that Plaintiff was disabled from May 30, 1997, through February 26, 2003, and terminated such benefits after February 27, 2003, due to medical improvement. Plaintiff correctly notes that in *Waters* the Fifth Circuit provided that the medical improvement standard should be applied to closed period cases, which "places the initial burden on the government to show that the

claimant's disability has ended as of the cessation date." 276 F.3d at 717.  Under the medical improvement standard, "the government must show in all respects that the person is no longer disabled." *Id.* (citing *Griego*, 940 F.2d at 943-44).  In *Waters* the Fifth Circuit noted that the ALJ had terminated the analysis at step four, finding that the claimant retained the RFC for light work and further finding that the claimant's ankle injury did not prevent him for doing his past relevant work as of the termination date.  276 F.3d at 718.

A determination of medical improvement must be based on changes (improvements) on the symptoms, signs, and/or laboratory findings associated with the claimant's impairments.  20 C.F.R.20 C.F.R. §§ 404.1594(b)(1)-(5), 416.994(f)(4). Such improvement must be related to the ability to perform work. *Id*.

In his opinion the ALJ found that Plaintiff had met the insured status requirements through December 31, 2002.  Tr. 18.  He found that Plaintiff did not retain the RFC to perform work on a sustained basis from May 30, 1997, through February 26, 2003.  Tr. 19. The ALJ noted that on February 27, 2003, Plaintiff last attended biofeedback treatment.  Tr. 22.  The ALJ noted that in May 2003, Plaintiff demonstrated good movement in both upper and lower extremities; his muscle strength was within normal limits; and he had equal reflexes in his extremities.  *Id*.  The record demonstrates that the ALJ made the two necessary RFC determinations.

However, although the ALJ concluded that medical improvement had occurred, his decision only points to the cessation of Plaintiff's biofeedback treatment on February 27, 2003, as evidence of record to indicate a change or improvement in symptoms, signs, or laboratory findings, to support his finding of medical improvement upon that date.  While the ALJ points to the findings upon a May 2003 examination, Dr. Ferral L. Endsley's October 2003 medical source statement, and a June 2004 MRI, none of this evidence specifically demonstrates medical improvement, nor does such evidence indicate which specific symptoms improved.

Moreover, although the ALJ generally indicates that Plaintiff has experienced medical improvement, his opinion does not indicate how such improvement was related to Plaintiff's ability to do work. 20 CFR § 404.1594(g))(1) indicates that if a claimant's disability is found to have ended, it will be considered ended as of the earliest of the months in which "evidence shows that [the claimant is] no longer disabled." While the ALJ recites both RFC determinations, in his opinion he does not compare the RFC findings, nor does he indicate which impairments, symptoms, or signs improved, after the date of February 27, 2003, except for his notation that Plaintiff ceased biofeedback therapy on February 27, 2003, and his credibility evaluating, discounting the subjective complaints of pain and other limitations. While Plaintiff relies in part upon the evaluation of Dr. Endsley, such evaluation occurred well after February 27, 2003. In addition, Plaintiff discounts certain limitations that Dr. Endsley opined were imposed by Plaintiff's impairments but does not adequately discuss the basis for rejecting such opinion in part.

As the Defendant notes, the ALJ did not discuss every factor of 20 C.F.R. §§ 404.1594(b)(1), 416.994(f)(4). Defendant argues that even if this constitutes error, such error is not prejudicial because "it is clear from the ALJ's decision that he did consider all of the relevant regulations when he made his decision."

A review of the ALJ's decision indicates, however, that in finding medical improvement, the ALJ failed to point to specific evidence demonstrating improvement of Plaintiff's impairments, signs, or symptoms after February 27, 2003, nor does his RFC determination indicate how Plaintiff's ability to do work improved specifically after February 27, 2003. The court is unable to determine, from the face of the ALJ decision, whether the correct legal standards were applied by the ALJ in finding medical improvement, nor does it appear that the ALJ discussed each of the factors necessary to a determination of medical improvement. The court therefore finds that the ALJ

opinion is not supported by substantial evidence and that the ALJ decision should be reversed and this case should be remanded for further administrative action.

Having found that the ALJ's determination of medical improvement is not supported by substantial evidence in the record, the court does not reach Plaintiff's further claims of error regarding the evaluation of the opinions of Plaintiff's treating and examining physicians and the opinions of the SAMCs regarding the limitations imposed by Plaintiff's impairments in making the RFC determination.

### IV.   CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, this court finds that the ALJ erred and that the ALJ's opinion is not supported by substantial evidence in the record, that the Commissioners's decision should be reversed, and that this case should be remanded for further proceedings in accordance with this recommendation.

**IT IS, THEREFORE, ORDERED** that the decision of the Commissioner denying Plaintiff's applications for a period of disability and disability insurance benefits and for SSI benefits is **REVERSED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED**.  Upon remand the ALJ should further consider whether Plaintiff's has experienced medical improvement and should further delineate the basis for any such finding.

A judgment in accordance with this decision shall be entered.

**SO ORDERED.**

DATED this 15th day of September, 2009.

_____
**PHILIP R. LANE**
**UNITED STATES MAGISTRATE JUDGE**